```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| William N. Pizarro, ) | |
| ) | |
| Plaintiff, ) | C/A: 6:12-1440-JMC-KFM |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | *Transfer of Case* |
| McDonald's Restaurant; Joselin Cabrera; ) | |
| John Doe; Jane Doe; Betor Foods Inc.; ) | |
| Gallagher Basset Services Inc.; SPARTA ) | |
| Insurance; McDonald's Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff William N. Pizarro ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, files this Complaint seeking monetary damages from Defendants for an assault alleged to have occurred on June 3, 2009, at a McDonald's restaurant in Fall River, Massachusetts ("MA"), which allegedly resulted in Plaintiff's sustaining a broken left ankle. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(b) and (e) DSC, the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiff has named as Defendants: the McDonald's restaurant in Fall River, MA; three employees of the McDonald's restaurant who allegedly assaulted Plaintiff, only one of whom is identified by name (Joselin Cabrera), with the other two McDonald's employees being designated as John Doe and Jane Doe, all of whom are alleged to be residents of Fall River, MA; Betor Foods, Inc., a Fall River, MA corporation, which is alleged to be the owner of the McDonald's restaurant; Gallagher Bassett Services, Inc., an Oakbrook Terrace, Illinois ("IL") corporation, which Plaintiff identifies as an insurer of the McDonald's

restaurant, and which allegedly advised Plaintiff that "there [are] no medical payments coverage on [its] client's policy" (Complaint, ¶ 18; ECF No. 1, p. 5); SPARTA Insurance, a Hartford, Connecticut ("CT") company, which is alleged to be an insurance adjuster of the McDonald's restaurant; and McDonald's Corporation, an Oak Brook, IL corporation, which is alleged to be the franchisor of the McDonald's restaurant in Fall River, MA. The caption of Plaintiff's Complaint refers to the court of filing as the "United States Honorable Federal District Court District Court of Massachusetts." *See* Complaint, caption, ¶¶ 8 - 13; ECF No. 1, p. 1-4. Plaintiff's Complaint alleges that Plaintiff is "a natural citizen of the United States, [and] a resident of Fall River Massachusetts," however, Plaintiff also alleges that he "move[d] to Greenville South Carolina." Complaint, ¶¶ 1, 20; ECF No. 1, p. 1, 6. Plaintiff signs his Complaint with a Greenville, South Carolina ("SC") address and submits a Civil Cover Sheet (from the United States District Court for the District of Massachusetts) and other attachments to his Complaint that indicate that Plaintiff is currently a resident of Greenville, SC. *See* ECF No. 1-2, p. 1-2; ECF No. 2, p. 1. Plaintiff asks the court "to award compensation in the amount of [$]75,001." Complaint; ECF No. 1, p. 17.

Because the proper venue in this case appears to be the United States District Court for the District of Massachusetts, Plaintiff's case should be transferred to that district court, which can obtain personal jurisdiction over all of the Defendants. *See* 28 U.S.C. §§ 1391, 1404, 1406.

### *Pro Se* and *In Forma Pauperis* Review

The Complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying

the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Discussion**

Assuming without deciding that the Complaint alleges sufficient facts to establish federal court jurisdiction based on the complete diversity of citizenship between the parties and the amount in controversy, the proper venue is not the District of South Carolina. The appropriate venue in this case appears to be the United States District Court for the District of Massachusetts, which is the judicial district in which the events giving rise to the claim occurred, in which six of the eight named Defendants reside, and in which all Defendants appear to be subject to the court's personal jurisdiction.

Where, as here, this Court's jurisdiction appears to be founded solely on diversity of citizenship,[1] venue is proper in:

---

[1] As noted above, Plaintiff appears to allege that he is a citizen and resident of South Carolina, after having moved to Greenville, SC from Fall River, MA, and Plaintiff asserts a tort claim against eight Defendants, all of whom are alleged to be legal residents of another state, *i.e.* Massachusetts, Illinois, or Connecticut. The Complaint's caption lists only the above-named eight Defendants. However, the body of the pleading contains allegations against the Fall River Police Department and individual police officers. Plaintiff has not provided any proposed service documents for any of the named Defendants in this case, and it is unclear whether Plaintiff intended to name the Fall River Police Department and/or individual police officers as additional defendants. Consequently, no other defendants have been added to this Court's docket. Upon transfer of the case to the appropriate district court, where venue is proper, Plaintiff can be given an opportunity to bring the case into proper form for

4

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Subsection 1391(b)(2) suggests that venue in this case would be proper in the District of Massachusetts, where the events giving rise to the claim took place.  In the context of § 1391, "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled" and "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(1),(2).[2]

The recommendation for transfer is grounded on the determination that there is no basis evident from Plaintiff's Complaint that would allow this Court to obtain personal jurisdiction over Defendants McDonald's restaurant, Joselin Cabrera, John Doe, Jane Doe, and Betor Foods, Inc., all of Fall River, MA, and Defendant SPARTA Insurance, of Hartford, CT.  A bedrock requirement in any civil action is that the district court in which a complaint is brought shall have personal jurisdiction over the defendant(s).  Rule 4(e) of

---

possible service of process, at which time Plaintiff may clearly indicate his intent with respect to the naming of any additional defendants.

[2] The general venue statute, 28 U.S.C. §1391, was amended on December 7, 2011, and the new language took effect on January 6, 2012.  The amendments to § 1391 do not affect this analysis.

5

the Federal Rules of Civil Procedure ("Serving an Individual Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. Rule 4, however, allows application of so-called state "long arm" statutes:

> Unless federal law provides otherwise, an individual - other than a minor, and incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
>
> (2) doing any of the following:
>
>     (A)    delivering a copy of the summons and of the complaint to the individual personally;
>     (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(emphasis added). Rule 4(h) of the Federal Rules of Civil Procedure ("Serving a Corporation, Partnership, or Association") provides for service "in the manner prescribed by Rule 4(e)(1) for serving an individual," as described above, or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant.

Rule 4(h)(1)(B), Fed. R. Civ. P.

Under South Carolina's long arm statute, a nonresident individual, corporation, partnership, association or any other legal entity, *i.e.* a "person" under the statute, may be served and subjected to state court jurisdiction under the provisions of S.C. Code Ann. §§

6

36-2-802 and 36-2-803 ("Personal jurisdiction based upon enduring relationship" and "Personal jurisdiction based upon conduct"), as follows:

> A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action.

S.C. Code Ann. § 36-2-802.

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
>     (1)    transacting any business in this State;
>     (2)    contracting to supply services or things in the State;
>     (3)    commission of a tortious act in whole or in part in this State;
>     (4)    causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>     (5)    having an interest in, using, or possessing real property in this State; or
>     (6)    contracting to insure any person, property or risk located within this State at the time of contracting; or
>     (7)    entry into a contract to be performed in whole or in part by either party in this State; or
>     (8)    production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
> (B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

*Id.* § 36-2-803.

Comparison of the foregoing statutory list with the allegations in Plaintiff's Complaint filed in this case demonstrates that this Court cannot exercise personal jurisdiction over six of the eight Defendants named by Plaintiff. Each Defendant named in this case is alleged to be a Massachusetts, Connecticut, or Illinois resident or entity, and the actions giving rise

to Plaintiff's claims all took place in Massachusetts. Defendants McDonald's Corporation and Gallagher Basset Services, Inc. have registered agents in South Carolina and appear to be doing business in this judicial district, so as to be subject to this Court's personal jurisdiction.[3] However, there is no indication that this lawsuit arises from either of these two Defendants' alleged contacts in South Carolina. Whether this Court has personal jurisdiction over McDonald's Corporation and Gallagher Basset Services, Inc. is irrelevant because Massachusetts would still be the proper venue under § 1391(b)(2).

A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976). Questions regarding transfer under § 1404(a) are committed to the sound discretion of the district court. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). Under 28 U.S.C. § 1404(a), a district court may transfer a case for the convenience of the parties and witnesses, in the interest of justice, to any other district where the action might have been brought, or to any district to which all parties have consented. *See* 28 U.S.C. § 1404(a). Additionally, a district court has the power to dismiss an action, or if it is in the interest of

---

[3] The Court takes judicial notice of these Defendants' business filings in the Office of the South Carolina Secretary of State. *See* http://www.scsos.com/Search%20Business%20Filings (last visited June 18, 2012). *See also In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a).

Having determined that venue is improper in the District of South Carolina, this Court has the discretion to either dismiss the case or transfer it to another district court pursuant to 28 U.S.C. § 1406(a). *See Benton v. England*, 222 F. Supp. 2d 728, 731 (D. Md. 2002). By transferring the case, Plaintiff is saved the additional time and expense of refiling. Transfer would come at some cost to Plaintiff, but at no substantial cost to Defendants and to the judicial system. Because Massachusetts law would apply in this diversity action, a Massachusetts federal court would be better suited than a federal court in South Carolina to hear the case. It is clear that the federal and state courts of Massachusetts are the proper forums in which to adjudicate the tort claims raised in Plaintiff's Complaint.

## **Recommendation**

Wherefore, based on the foregoing, it is recommended that the District Court order the Clerk of Court's Office to transfer this action to the United States District Court for the District of Massachusetts. Plaintiff's attention is directed to the important notice on the next page.

June 20, 2012                                                            s/ Kevin F. McDonald
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).